IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MEXICO FOODS, LLC d/b/a § | |
| EL RANCHO CORP., § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:14-CV-2760-D |
| VS. § | |
| § | |
| MI RANCHO MEAT MARKET, et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

Defendants move under Fed. R. Civ. P. 12(b)(3) and 12(b)(6) and 28 U.S.C. § 1406 to dismiss plaintiff's action for failure to state a claim and for improper venue.[1] Alternatively, they move under 28 U.S.C. § 1404(a) to transfer the case to the Western District of Texas, Austin Division, for the convenience of the parties and witnesses and in the interest of justice. For the reasons that follow, the court grants defendants' alternative motion to transfer under § 1404(a) and does not reach the other motions.

I

Since 1998, plaintiff Mexico Foods, LLC d/b/a/ El Rancho Corp. ("Mexico Foods") has operated Hispanic-themed retail grocery stores throughout Texas under the trade name

---

[1] Defendants also move the court to "remand" plaintiff's state-law claims if it dismisses their federal-law claim. But because this case was filed originally in this court, not removed here, there is no basis to remand plaintiff's state-law claims to state court. If the court were to dismiss plaintiff's federal-law claim, it would in that instance dismiss the state-law claims without prejudice to being refiled in state court.

"Supermercado El Rancho." Mexico Foods registered the mark "Supermercado El Rancho" on June 16, 2009, and it has used this mark continuously at its stores and in its advertising. Since 2005, it has continuously used this logo and trade name on letterhead, other publications, and advertisements. In September 2009 defendants Aifa & Raaia Business, LLC ("Aifa") and Mi Rancho Meat Market ("Mi Rancho") embarked on their own retail venture, using the Mi Rancho name and logo.

Mexico Foods sues Mi Rancho and Aifa, alleging a claim for trademark and trade name infringement and dilution under the Lanham Act, 15 U.S.C. § 1125(a); a claim for unfair competition under Texas law; and trademark/trade name infringement under Texas law. Mi Rancho and Aifa move to dismiss all of Mexico Foods's claims under Rule 12(b)(6) and 12(b)(3) and under 28 U.S.C. § 1406, contending that Mexico Foods's claims are time barred, that Mexico Foods has failed to state any claim on which relief can be granted, and that venue is improper. Alternatively, defendants move to transfer this case to the Western District of Texas, Austin Division, under 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses and in the interest of justice.[2]

---

[2]Because the court concludes that the Western District of Texas is clearly the more convenient forum, it need not decide defendants' motion to dismiss under Rule 12(b)(3) for improper venue. And because the court is transferring the case, it concludes that the transferee court should be permitted to decide defendants' Rule 12(b)(6) motion to dismiss and Mexico Foods's request for leave to amend its complaint.

II

Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "The decision to transfer is made to prevent waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Bank One, N.A. v. Euro-Alamo Invs., Inc.*, 211 F.Supp.2d 808, 811 (N.D. Tex. 2002) (Fitzwater, J.) (citing *Stabler v. N.Y. Times Co.*, 569 F.Supp. 1131, 1137 (S.D. Tex. 1983)). The court cannot transfer a case where the result is merely to shift the inconvenience of the venue from one party to the other. *Fowler v. Broussard*, 2001 WL 184237, at *6 (N.D. Tex. Jan. 22, 2001) (Fitzwater, J.) (citing *Enserch Int'l Exploration, Inc. v. Attock Oil Co.*, 656 F. Supp. 1162, 1167 n.15 (N.D. Tex. 1987) (Fitzwater, J.)). Moreover,

> [t]he plaintiff's choice of venue is . . . entitled to deference, and therefore the party seeking transfer has the burden to show good cause for the transfer. The burden on the movant is "significant," and for a transfer to be granted, the transferee venue must be "clearly more convenient than the venue chosen by the plaintiff."

*AT & T Intellectual Prop. I, L.P. v. Airbiquity Inc.*, 2009 WL 774350, at *1 (N.D. Tex. Mar. 24, 2009) (Lynn, J.) (footnotes omitted) (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ( "*Volkswagen II*")).

The court must decide as a preliminary question "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In*

*re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (per curiam) ("*Volkswagen I*"); *Volkswagen II*, 545 F.3d at 312 ("The preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the destination venue."). Once the court resolves this issue, the court must in deciding whether to transfer the case evaluate "a number of private and public interest factors, none of which are given dispositive weight." *Volkswagen I*, 371 F.3d at 203 (citing *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004)).

> The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or] the application of foreign law.

*Id*. (citations omitted; bracketed material added). "Although [these] factors are appropriate for most transfer cases, they are not necessarily exhaustive or exclusive." *Volkswagen II*, 545 F.3d at 315. Defendants must establish "good cause" for transferring the case, meaning that, "in order to support [their] claim for a transfer, [they] must satisfy the statutory requirements and clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'" *Id.* (final brackets in original) (quoting § 1404(a)).

III

The court addresses first whether the judicial district to which transfer is sought—here, the Western District of Texas—is a district in which this suit could have been filed. The parties do not dispute that Mexico Foods could have brought this action in the Western District of Texas. Venue is governed by 28 U.S.C. § 1391(b), which provides, in relevant part, that venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Mexico Foods does not contest that Mi Rancho's operations and principal place of business are in South Austin,[3] all events or omissions giving rise to the claims occurred in South Austin, and venue is proper in the Austin Division of the Western District of Texas. Because it appears undisputed that defendants reside in the Western District of Texas and that a substantial part of the events giving rise to Mexico Foods's claims occurred in the Western District of Texas, the court concludes that the case could have been filed there. *See* 28 U.S.C. § 1391(b).

IV

The court next considers the private and public interest factors. Mi Rancho contends that because the witnesses (both party and nonparty witnesses, including nonparty witnesses

---

[3]Under 28 U.S.C. § 1391, a defendant that is an entity is deemed to reside in the judicial district in which it is subject to personal jurisdiction. An LLC whose sole member resides in Austin and whose principal place of business is in South Austin would clearly be subject to personal jurisdiction in the Western District of Texas.

Mi Rancho has identified who can attest to the alleged confusion and dilution associated with Mi Rancho's use of the "Rancho" name[4]) and proof are located in the Western District of Texas, where the parties' businesses at issue are also located, and a trial there will be less expensive and more convenient for all parties. Regarding the public interest factors, Mi Rancho contends that the parties will receive a speedier trial in the Western District because it is less congested than the Northern District, and that Mexico Foods's choice of the Northern District reveals no obvious benefit.

Mexico Foods offers no responsive argument, stating "that it appears that Defendants meet the convenience test for transfer to [the Western District of Texas]." P. Br. 16-17. Having considered the relevant private and public interest factors, the court concludes that the Western District of Texas is more convenient when compared to the Northern District of Texas.

---

[4]The only witnesses that have been identified in this case so far—Mi Rancho's principal, Mike Karowalia, Mi Rancho's employee, Sergio Reyes, and Mi Rancho's customer, Merry Salsada—all reside in Austin.

* * *

Accordingly, the court grants Mi Rancho's alternative motion to transfer, and it transfers this action to the Western District of Texas, Austin Division, under 28 U.S.C. § 1404.  The clerk of court is directed to effect the transfer according to the usual procedure.

**SO ORDERED**.

March 3, 2015.

                                       _____
                                       SIDNEY A. FITZWATER
                                       UNITED STATES DISTRICT JUDGE